HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIGGITTA HARDIN,

    Plaintiff,

    v.

MICK DADLANI,

    Defendant,

    v.

NATIONAL SECURITIES CORPORATION,

    Garnishee.

Case No. C16-1579 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Mick Dadlani's Motion to Quash Writ of Garnishment and for Award of Attorney Fees and Costs.  Dkt. # 5.  For the reasons that follow, the Court **DENIES** Dadlani's motion.

## II. BACKGROUND

On January 29, 2016, the United States District Court for the District of Columbia entered a $687,000 judgment in favor of Plaintiff Briggitta Hardin, $676,000 of which was against Dadlani.  *Hardin v. Dadlani*, C11-2052-RBW, Dkt. # 176 (D.C. Jan. 29, 2016).

On May 16, 2016, Hardin registered the judgment in this Court as a foreign judgment to be enforced against Dadlani.  *Hardin v. Dadlani*, C16-mc-66, Dkt. # 1 (W.D. Wash. May 16, 2016).

ORDER – 1

On July 22, 2016, Hardin filed an application for writ of garnishment to impose a lien on Dadlani's earnings from National Securities Corporation, an entity located in Seattle. Dkt. # 1. The Court granted Hardin's request and entered an order garnishing Dadlani's earnings in the amount of $676,046.[1] Dkt. ## 2-3.

Dadlani now moves to quash the writ of garnishment on the basis that Hardin did not follow the proper procedure for filing a foreign judgment in this Court. Dkt. # 5. Hardin opposes the motion. Dkt. # 13.

### III.  DISCUSSION

Dadlani contends that the writ of garnishment must be quashed because Hardin failed to register the foreign judgment in accordance with Washington's Uniform Enforcement of Judgments Act ("UEFJA"), RCW 6.36.010, *et seq.* Under the UEFJA, a plaintiff registering a foreign judgment must comply with certain procedural requirements, which include (1) submitting an affidavit that contains identifying information about the judgment debtor and (2) notifying the judgment debtor by mail that the foreign judgment was filed. RCW 6.36.035.

But these state registration requirements are not required in federal court when a plaintiff complies with the separate registration process set forth under 28 U.S.C. § 1963. The federal registration statute provides, in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . . . The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

28 U.S.C. § 1963. Dadlani emphasizes the last sentence to contend that this statute

---

[1] The additional $46 consists of the estimated filing and ex parte fees associated with applying for the writ.

ORDER – 2

necessarily exists in tandem with state laws governing the registration of foreign judgments. That sentence, however, applies to procedures for enforcement, not registration.

Once a judgment is registered in accordance with 28 U.S.C. § 1963, it is enforced pursuant to Federal Rule of Civil Procedure 69. Rule 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69. "The necessary predicate for application of Federal Rule 69 is a judgment in the federal district court in which execution is sought." *Labertew v. Langemeier*, --- F.3d ---, No. 14-15879, 2017 WL 242558, at *4 (9th Cir. Jan. 20, 2017). "Garnishments from other courts are ordinarily turned into judgments of a new court by separate actions for . . . registration. . . ." *Id.* (citing 28 U.S.C. § 1963).

Thus, it is only after a judgment has been properly registered under § 1963 and the enforcement process under Rule 69 has commenced that state law comes into play. *See In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 989 (9th Cir. 2008) ("[R]egistering a judgment under § 1963 is the functional equivalent of obtaining a new judgment of the registration court. The effect is to allow *that* judgment, *i.e.*, the newly registered judgment, to be enforced for the period allowed by the law of *that* forum, *i.e.*, the state of registration. . . .") (emphasis in original).

The distinction between enforcement and registration is evident from the cases upon which Dadlani relies. For instance, he cites *Caruso v. Perlow*, 440 F. Supp. 2d 117, 119 (D. Conn. 2006), which states: "The judgment of a federal court may be *registered* in another federal court pursuant to 28 U.S.C. § 1963, and *enforced* according to the laws of the state in which the judgment is registered, pursuant to Federal Rule of Civil Procedure 69." *Caruso v. Perlow*, 440 F. Supp. 2d 117, 119 (D. Conn. 2006) (emphasis added).

ORDER – 3

This case, as well as the others he cites,[2] demonstrate that state law applies only to the enforcement process—it does not apply to the registration process.

Each of the state law provisions that Dadlani relies upon applies to the registration process. First, he argues that Hardin should have filed an affidavit including certain information about his last known whereabouts. But such affidavits are required "[a]t the time of the filing of the foreign judgment . . . ." RCW 6.36.035(1). Second, he argues that Hardin should have mailed notice to him and that her failure to file proof of having done so precludes her from applying for a writ of garnishment. But the applicable state provisions show that these are pre-enforcement registration requirements. Mailing is required "[p]romptly upon the filing of the foreign judgment and the affidavit . . . ." RCW 6.36.035(2). That mailing is a pre-enforcement requirement is further evident from the fact that failure to follow it precludes enforcement: "No execution or other process for enforcement of a foreign judgment filed in the office of the clerk of a superior court shall be allowed until ten days after the proof of mailing has been filed with the clerk by the judgment creditor." RCW 6.36.035(3)(a); *see also* RCW 6.36.035(3)(b). Because the state law provisions upon which Dadlani relies are registration requirements, Hardin was not required to abide them when she properly registered the foreign judgment in accordance with 28 U.S.C. § 1963. Accordingly, Dadlani's motion is denied.

\\
\\
\\
\\
\\

---

[2] *United States v. Palmer*, 609 F. Supp. 544, 548 (E.D. Tenn. 1985) ("[U]nder § 1963, the law of the state in which the court of registration sits controls the proceedings. Thus, a District of Columbia judgment registered in Maryland would be *executed* according to Maryland law.") (emphasis added); *In re Smith*, No. 07-80005, 2011 WL 722401, at *2 (Bankr. W.D. Mich. Feb. 18, 2011) ("[r]ecognizing that *enforcement* of a federal judgment depends to a large extent on state procedures") (emphasis added).

ORDER – 4

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Dadlani's Motion to Quash Writ of Garnishment and for Award of Attorney Fees and Costs.  Dkt. # 5.

DATED this 7th day of February, 2017.

*[signature: Richard A. Jones]*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5